UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MOHAMMED ATTA,

                Petitioner,

      - against -

MARK MILLER,

                Respondent.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-4911 (PKC)

PAMELA K. CHEN, United States District Judge:

On November 19, 2025, Mohammed Atta ("Petitioner" or "Atta"), proceeding *pro se*, filed a petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging his 2009 conviction in New York Supreme Court, Kings County, along with a request to proceed *in forma pauperis* ("IFP"). (Pet., Dkt. 1; Mot. to Proceed IFP, Dkt. 2.) Atta is currently incarcerated at Green Haven Correctional Facility. As explained below, this Court does not have jurisdiction to consider this petition, and the Clerk of Court is directed to transfer it to the United States Court of Appeals for the Second Circuit ("the Second Circuit").

## DISCUSSION

Atta previously challenged this same conviction by filing a petition pursuant to 28 U.S.C. § 2254 on September 22, 2016. Pet., *Atta v. Griffin,* 16-CV-5395 (PKC), Dkt. 1[1]. That petition was denied by Order dated November 29, 2018. *Id.*, Dkt. 16. On May 26, 2019, the Second Circuit dismissed Atta's appeal for failure to file a motion for a Certificate of Appealability that complied with the Second Circuit's prior order. *Id.*, Dkt. 19.

---

[1] The case does not appear to have been reported in any electronic database.

The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003). Because this is Atta's second attempt to challenge the same conviction, this Court lacks jurisdiction to address it on the merits and is required to transfer this petition to the Second Circuit pursuant to 28 U.S.C. § 1631. *Torres*, 316 F.3d at 151–52 (citing *Liriano v. United States*, 95 F.3d 119, 121–123 (2d Cir. 1996) (*per curiam*)). Therefore, Atta must move for authorization to pursue this successive petition for *habeas* relief in the Second Circuit. *See* 28 U.S.C. § 2244(b)(3)(A).

## CONCLUSION

Accordingly, in the interest of justice, the Court transfers this Petition to the Second Circuit pursuant to 28 U.S.C. § 1631 and closes this case. If the Second Circuit authorizes Atta to proceed in this matter, Atta shall move to reopen this case under this docket number. Petitioner's request to proceed IFP is granted for the purposes of this action, though the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of such an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 3, 2025
      Brooklyn, New York